DIXON, Judge
(dissenting).
I must respectfully dissent.
This accident occurred because a large truck, in an attempt to cross a multi-lane divided highway from a parked position, stopped in the crossover, blocking one lane of travel. Any cases which seem to give a truck such a right, contrary to the provisions of R.S. 32:141, should not be followed.
If a sudden emergency forces a driver to stop in such a precarious position on one of the busiest roadways in the state, the burden should be on him to prove it. Wright’s testimony is convincing that, if indeed he was faced with an emergency when an eastbound auto entered the highway from the south shoulder in front of Wright, that emergency was of Wright’s own making; he should not have attempted the crossing in front of the Hamous vehicle. The evidence is conflicting concerning the existence of other traffic at the time of Wright’s maneuver. Hamous was so close to Wright when Wright, by his own testimony, entered the highway, that Wright was in the crossover only a brief moment, having “checked up for a second or two” and, while there, heard Hamous’ tires squeal. Further, Wright said he completed the crossing, stopped his truck and was getting but before Hamous, in a skid, collided with the stationary truck on the north side of the highway. This is an incredible maneuver, unsupported by reason or other evidence.
Wright convicts himself of negligence, and our original opinion should be reinstated.